UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY DUNBAR,

      Plaintiff,

v.

JACK L. DAVILA, JESICA BELLINGER,
and ANNA HODGES,

      Defendants.

Case No. 24-CV-1593-JPS

**ORDER**

1. **INTRODUCTION**

  On December 10, 2024, Plaintiff Roy Dunbar ("Plaintiff"), proceeding pro se, filed this action against Defendants Jack Davila ("Davila"), Jesica Bellinger ("Ballenger"),[1] and Anna Hodges ("Hodges") (collectively, "Defendants"), together with a motion for leave to proceed without prepaying the filing fee. ECF Nos. 1, 2. The Court screened Plaintiff's complaint, finding that it "lack[ed] concrete and coherent factual allegations" and also may be barred by federal abstention doctrines, gave Plaintiff leave to file an amended complaint addressing those issues. ECF No. 4 at 6–8. The Court also deferred ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. *Id.*

  Plaintiff filed an amended complaint, ECF No. 5, which the Court now screens. As explained below, the Court concludes that Plaintiff's claims are subject to dismissal without prejudice under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the Court will dismiss

---

[1] As explained below in Section 3.2, it appears that Plaintiff misspelled Ballenger's surname in the caption.

this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

2.  **MOTION TO PROCEED IN FORMA PAUPERIS**

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[2] "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that

---

[2]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

As explained in the next section, Plaintiff raises claims that are subject to federal abstention under *Younger* and therefore outside the Court's subject matter jurisdiction at this time. *See Berrada Props. Mgmt. Inc. v. Romanski*, 608 F. Supp. 3d 746, 754 (E.D. Wis. 2022) (explaining that dismissal "on *Younger* abstention grounds concerns whether the Court should exercise jurisdiction over the parties' claims" (collecting cases)). Because the Court will dismiss the case without prejudice, Plaintiff's motion for leave to proceed in forma pauperis will be denied as moot.

### 3. SCREENING THE COMPLAINT

#### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary

relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Factual Allegations

As the Court previously noted, ECF No. 4 at 5, Plaintiff seeks to challenge an ongoing criminal prosecution against him in Milwaukee County Circuit Court. ECF No. 5-1 at 1 (citing *State of Wisconsin v. Roy Gene Dunbar*, Milwaukee Cnty. Cir. Ct., No. 2024CF000790 (Feb. 19, 2024) (hereinafter the "State Prosecution")).[3] Davila is the presiding judge in the case and Ballenger (whose surname Plaintiff misspells in the caption but correctly later in the amended complaint, ECF No. 5 at 1, 5) is the prosecutor. *See generally* State Prosecution. Hodges is the Milwaukee County Clerk of Circuit Court. *See Clerk of Circuit Court*, MILWAUKEE COUNTY COURTS, https://county.milwaukee.gov/EN/Courts/Clerk-of-Court (last visited last visited Dec. 31, 2024). The matter is set for a jury trial in early January 2025. State Prosecution, Dec. 9, 2024 docket entry. Plaintiff is representing himself. *Id.*, April 9, 2024 docket entry.

In the present case, Plaintiff says that his rights under the Fifth, Sixth, and Fourteenth Amendments are being violated. ECF No. 5 at 4–5. Specifically, he says he was subject to a "false arrest" based on hearsay and

---

[3]The district court may take judicial notice of "public court documents" including state court dockets *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

additionally was "in jail approximately 3 [d]ay[s] before seeing a judge." *Id.* at 4. He takes issue with being required to wear an ankle monitor. *Id.* He says that he was not permitted to confront his accuser because the prosecution did not present a "sworn complaint from an injured party." *Id.* at 5. He also complains that he submitted various documents to the other parties in the case, which they "[b]latantly ignored." *Id.* at 4–5. Plaintiff also references his "name correction" case in Nevada. *Id.* at 4.

Throughout the amended complaint, Plaintiff casts his claims in terms of estates, trusts, sureties, and other legal terms that have nothing to do, as far as the Court is aware, with a criminal prosecution. *See generally id.* The Court does not understand Plaintiff's legal theory, so construes the amended complaint as attempting to raise federal constitutional claims.

For relief, Plaintiff requests that "[t]he trust property . . . be returned, and securities from the fee schedule . . . be awarded to [him]." *Id.* at 8.

### 3.3 Analysis

Once again, Plaintiff's complaint is largely a collection of vague legal theories and lacks concrete and coherent factual allegations. The Court directed Plaintiff to answer the "who, what, when, where, how" questions regarding his allegations, ECF No. 4 at 6, but he has largely failed to do so. The amended complaint does not provide "fair notice of what the . . . claim is and the grounds upon which it rests," to either Defendants or the Court. *Twombly*, 550 U.S. at 555. This alone would be a basis for dismissal without prejudice, as the Court previously warned. ECF No. 4 at 6.

Moreover, Plaintiff continues to "seek[] the federal Court's intervention" in his "ongoing [criminal case] in Wisconsin state court," which *Younger* generally does not permit. *Id.* Plaintiff was alerted as to the potential impact of *Younger* as well as the exceptions to the doctrine. *Id.*

(citing 401 U.S. 37 and *Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014) ("There are three exceptions to the rule requiring abstention: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions." (citing *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007))). Plaintiff's allegations do not satisfy any of these exceptions. In fact, the kinds of federal constitutional claims he is attempting to raise may be raised directly in the state prosecution or on appeal after the prosecution concludes.

Where *Younger* applies, the district court may either stay or dismiss the case, depending on the type of relief sought. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Here, dismissal without prejudice of Plaintiff's claims is appropriate because Plaintiff does not appear to seek monetary damages. *See id.* ("Because monetary relief is not available to him in his defense of criminal charges, however, and because his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (collecting cases)).

4.  **CONCLUSION**

For the reasons stated above, Plaintiff's claims must be dismissed without prejudice pursuant to the doctrine of *Younger v. Harris*. His motion for leave to proceed in forma pauperis will be denied as moot, and the case will be dismissed without prejudice.

Page 7 of 8
Case 2:24-cv-01593-JPS     Filed 12/31/24     Page 7 of 8     Document 6

Accordingly,

**IT IS ORDERED** that Plaintiff Roy Dunbar's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of December, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.